

**IT IS ORDERED as set forth below:**

**Date: May 28, 2020**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | \| | CASE NUMBER |
| **TANEKKIA HARRIS**, | \| | **18-71572-PMB** |
| Debtor. | \| | CHAPTER 7 |
| **TANEKKIA HARRIS**, | \| | |
| Movant, | \| | |
| **v.** | \| | |
| **RENTERS WAREHOUSE, LLC; RENTERS WAREHOUSE AAF ASI SPF, LLC; RENTERS WAREHOUSE AAF ASI; RENTERS WAREHOUSE GEORGIA, LLC; and RWATL, LLC, D/B/A RENTERS WAREHOUSE - ATLANTA**, | \| | CONTESTED MATTER |
| Respondents. | \| | |

**ORDER (I) DISMISSING NON-ESSENTIAL PARTIES,
(II) GRANTING MOTION FOR CIVIL CONTEMPT, AND (III) CONTINUING HEARING**

This matter comes before the Court on a letter filed by the *pro se* above-named Debtor (the "Debtor") on April 20, 2020, which the Court construes as a motion to reopen this case and for civil contempt and sanctions for violating the discharge injunction (the "Motion")(Docket No. 33). After a review of the Motion, the Court entered an *Order For Renters Warehouse to Appear and Show Cause Why it Should Not Be Held in Civil Contempt of This Court and Assessed with Monetary Sanctions for Violating the Discharge Injunction of 11 U.S.C. § 524 in This Case* (the "Show Cause Order")(Docket No. 34), which reopened this case and set a telephonic show cause hearing for May 18, 2020 (the "Hearing"). In response to the Motion and the Show Cause Order, Renters Warehouse AAF ASI SPF, LLC ("AAF") and Renters Warehouse Georgia, LLC[1] ("RWG"; collectively, with AAF, "Remaining Respondents") filed a *Response to Order to Show Cause* (the "Response")(Docket No. 36).[2]

The Debtor and counsel for Remaining Respondents appeared at the Hearing. In the Motion, the Debtor seeks to stop all garnishment activities of Remaining Respondents regarding the Debtor and to require Remaining Respondents to return all garnished funds to the Debtor and pay damages. In the Response, Remaining Respondents seek a ruling that their garnishment activities were valid to the extent they are applied to the Debtor's allegedly valid post-petition debt.

---

[1] The Response is ostensibly filed only by AAF. However, at the Hearing, the Court found that RWG is also an appropriate Respondent, being the property manager under the applicable Lease and the party that sought stay relief in Florida (*See infra* p. 3). Consequently, the Court will consider the Response to provide arguments on behalf of RWG also.

[2] Renters Warehouse, LLC, Renters Warehouse AAF ASI (to the extent it is distinct from Renters Warehouse AAF ASI SPF, LLC), and RWATL, LLC, d/b/a Renters Warehouse – Atlanta (collectively, the "Other Respondents") were each named in the Show Cause Order due to the Court's lack of certainty as to the specific legal identity of the appropriate responding party. At the Hearing, it became clear that only Remaining Respondents, as the property manager under the Lease (RWG) and the party that took the offending actions (AAF), were the appropriate Respondents. Consequently, the Other Respondents are hereby **DISMISSED** from this proceeding without prejudice.

## I. FACTUAL BACKGROUND

The facts in this matter are undisputed and are derived from the Response, including its attachments, in addition to the docket in this bankruptcy case. In December of 2017, Alder Somerset I signed a one (1) year residential lease (the "Lease")(Docket No. 36, Exhibit 1) for 1537 McAdoo Drive, Marietta, Georgia 30064 (the "Premises"). The Lease ran from January 1, 2018 to December 31, 2018. The only tenants on the Lease were Eula Harris and Tamitra Harris (the "Signing Tenants").[3] The lease lists RWG as the "property manager." Remaining Respondents, in the Response and at the Hearing, conceded that the Debtor was not a party to the Lease.

On November 14, 2018, after several months of nonpayment, AAF filed a dispossessory action in Cobb County (Georgia) Magistrate Court against the Signing Tenants and "Others, and All" (the "Dispossessory"). AAF was represented in the Dispossessory by an attorney named Abigail Ersin. According to the docket of the Dispossessory attached to the Response (the "Dispossessory Docket")(Docket No. 36, Exhibit 2), Ms. Ersin's office address is 6065 Roswell Road, Suite 680, Atlanta, Georgia 30328.

On December 12, 2018, a notice of bankruptcy was entered on the Dispossessory Docket and, on December 14, 2018, a stay was entered in the Dispossessory. The bankruptcy referenced therein was the bankruptcy of Tamitra Harris, a Signing Tenant, and was filed in the United States Bankruptcy Court for the Middle District of Florida.

Soon thereafter, on December 27, 2018 (the "Filing Date"), the Debtor filed this Chapter 7 case. The Debtor listed the Premises as her home address (*see* Docket No. 1).[4] On January 9, 2019

---

[3] The Signing Tenants are, according to the Debtor, her sister and her mother.

[4] At the Hearing, the Debtor conceded that she, her children, and her mother (Eula Harris), resided in the Premises at the time this case was filed, and through the pendency of the Dispossessory. She further asserted that, after the Dispossessory

3

the Debtor filed a list of creditors, listing "Renters Warehouse" as a creditor, and using the mailing address of Ms. Ersin, the lawyer for AAF in the pending Dispossessory (Docket No 16). On January 17, 2019, the Debtor filed Schedules E/F, listing "Renters Warehouse" as a creditor in an unliquidated amount of $4,750.00, again at Ms. Ersin's address (Docket No. 17). On January 19, 2019, the Clerk mailed a notice of the filing of this case to "Renters Warehouse" at Ms. Ersin's address (Docket No. 19). The Docket in this case does not reflect that this notice was ever returned. (Docket, *passim*.)

In January 2019, RWG, as agent for Alder Somerset I, filed a motion for relief from the automatic stay in the bankruptcy case of Tamitra Harris in the Middle District of Florida. Tamitra Harris opposed the motion for relief by filing a written response and by attending a hearing on the motion for relief held on January 29, 2019. The Middle District of Florida bankruptcy court granted relief from the automatic stay on February 1, 2019 "for the limited purpose . . . to proceed with eviction proceedings against the debtor." (Docket No. 36, Exhibit 3).[5] It does not appear that stay relief was granted to pursue back-rent against Tamitra Harris.

Subsequently, on March 11, 2019, a notice of hearing was issued setting the Dispossessory for trial on March 29, 2019 (the "Dispossessory Hearing"). At the Dispossessory Hearing, the Debtor—and only the Debtor—signed a consent judgment in favor of AAF (the "Consent Judgment")(Docket No. 36, Exhibit 4), effective on March 29, 2019. By its terms, the Consent Judgment required the Debtor to pay $14,026.00 by April 10, 2019 (the "Judgment Debt"). If the

---

Hearing, and before the occupants of the Premises could be dispossessed by law enforcement, she returned the keys to the property manager and voluntarily moved her family from the Premises.

[5] RWG did not file a similar motion for relief in this case against the Debtor. Consequently, the modification of the automatic stay in Tamitra Harris's case did not affect the stay in this case.

4

Judgment Debt was not paid, a writ of possession would be thereafter issued. The Consent Judgment was signed by Ms. Ersin on behalf of AAF. The Debtor did not pay, and a writ of possession was issued on April 23, 2019.

Contemporaneously, in this case, the Debtor's meeting of creditors under 11 U.S.C. § 341 was held and concluded on February 27, 2019. This case was closed without a discharge on April 4, 2019, six (6) days after the Consent Judgment was entered (Docket No. 25). A discharge was not granted at that time because the Debtor had yet to file a certificate proving she had taken a required financial management course. *See* 11 U.S.C. § 727(a)(11). However, eleven (11) days after the initial closure of this case—on April 15, 2019—the Debtor filed the required certificate and an accompanying motion to reopen her bankruptcy case (Docket Nos. 27, 28). The case was reopened on April 17, 2019 (Docket No. 29), a discharge was entered on April 18, 2019 (Docket No. 30), and the case was once again closed. The discharge order was served on "Renters Warehouse" at Ms. Ersin's address on April 20, 2019 (Docket No. 32). The Docket in this case does not reflect that the discharge order mailed to "Renters Warehouse" at Ms. Ersin's address was ever returned. (Docket, *passim*.)[6] The discharge discharged the Debtor from all debts that arose before the Petition Date, except to the extent an exception under 11 U.S.C. § 523 applies. It has not been asserted here that any such exception applies, and none appears to the Court to exist based on the facts in evidence. Consequently, any obligations of the Debtor to either of Remaining Respondents arising prior to the Petition Date were discharged.

---

[6] According to the Docket, the Debtor did not assume the Lease, which to the extent the Debtor was a party thereto was rejected by operation of law sixty (60) days after the Filing Date, or on February 25, 2019. 11 U.S.C. § 365(d)(1). Rejection constitutes a breach of the Lease, and not a termination. 11 U.S.C. § 365(g). Also, the Debtor did not reaffirm any obligations under the Lease pursuant to 11 U.S.C. § 524(c), which, because the Debtor is *pro se*, would have required Court approval. 11 U.S.C. § 524(c)(6).

5

On April 1, 2020, AAF commenced a garnishment action based on the Consent Judgment, this time in the Magistrate Court of Fulton County (Georgia)(the "Garnishment Action"). The Garnishment Action was against Bank of America, where it appears the Debtor holds a depository account. On April 20, 2020, Bank of America responded that the Debtor had $1,670.69 on deposit, which Bank of America transferred in full to the Magistrate Court of Fulton County when it filed its answer. The funds apparently are still with the Magistrate Court of Fulton County, although AAF filed a motion in April 2020, requesting they be disbursed to it.

## II.  DISCUSSION

It is well established that actions taken in violation of the automatic stay are void *ab initio*. *United States v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006); 11 U.S.C. § 362(a). When an action taken in violation of automatic stay is a judgment against a debtor in another forum, that judgment is void in its entirety. *E.g.*, *In re Cole*, 552 B.R. 903, 909 (Bankr. N.D. Ga. 2016). The automatic stay is effective immediately upon the filing of a bankruptcy case and is not dependent on the notice given to creditors. *E.g. In re Thomason*, 493 B.R. 890, 896 (Bankr. N.D. Ga. 2013).

Under Georgia law, debtors are not subject to garnishment until a valid underlying judgment has been rendered against that debtor. O.C.G.A. § 18-4-3(a)("The plaintiff . . . shall make . . . an affidavit setting forth that the plaintiff has a judgment against a named defendant . . . ."); *Ross v. St. Paul Reinsurance Co.*, 610 S.E.2d 57, 59 (Ga. 2005).

11 U.S.C. § 362(k) provides the Court with the authority to impose monetary sanctions in response to "willful violations" of the automatic stay. For a violation of the stay to be "willful" the violator must (1) act with knowledge of the stay, and (2) intend the action that violates the stay. *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1555 (11th Cir. 1996). Similarly, the Court—through

6

Section 105(a)—is empowered to issue monetary sanctions in response to a violation of the discharge injunction. *In re McLean*, 794 F.3d 1313, 1319 (11th Cir. 2015). Sanctions are appropriate in circumstances where there existed "no fair ground of doubt" that the creditor's collection efforts were barred by the discharge injunction. *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1799 (2019).

In determining the appropriate sanction for a violation of the automatic stay or discharge injunction, compensatory sanctions are preferred. *See generally In re McLean*, 794 F.3d at 1324. With respect to an inappropriate garnishment, the Court finds guidance in the Code of Georgia. O.C.G.A. § 18-4-19(c)(1) provides that in circumstances where it is determined the plaintiff had no valid judgment underlying a garnishment said garnishment case shall be dismissed and "any money . . . in the possession of the court shall be restored to the defendant . . . ."

### III.   ANALYSIS

Based on the undisputed facts of this case, it is clear that the Consent Judgment was entered in violation of the automatic stay. That automatic stay arose in this case on the Petition Date. 11 U.S.C. § 362(a). The automatic stay terminated by operation of law when this case was initially closed on April 4, 2019, pursuant to 11 U.S.C. § 362(c)(2). As a result, the stay was indisputably in effect on March 29, 2019, when the Consent Judgment was entered.

Entry of the Consent Judgment in violation of the unmodified stay renders it void—in its entirety—*ab initio*. Although notice of the case is not required for the stay to apply, AAF clearly had notice of this case at the time the Consent Judgment was entered because AAF's lawyer in the Dispossessory, where the Consent Judgment was obtained, was notified of this filing. Having been entered in violation of the stay in this case, the Consent Judgment is void and without effect.

In the Garnishment Action, the stated basis for Remaining Respondent's collection of the Judgment Debt was the Consent Judgment (Docket No. 36, Exhibit 6, Line 2). Having established that the Consent Judgment is void, it cannot provide a valid basis for garnishment.

Collection of the Consent Judgment as a personal liability of the Debtor also violates the discharge injunction. Remaining Respondents urge that only part of the Consent Judgment was discharged since part of the Consent Judgment, they claim, relates to postpetition rent. However, there is no basis in the Consent Judgment to parse that out. The Consent Judgment says nothing about how the amount of the Judgment Debt was arrived at, although it is clear, and counsel for Remaining Respondents conceded, that the Judgment Debt includes a substantial amount of prepetition rent. Absent a basis in the Consent Judgment itself to make this allocation, the Consent Judgment is a singular judgment that clearly includes discharged elements and therefore cannot be collected upon, including in the Garnishment Action.

At the Hearing, counsel for Remaining Respondents brought to the Court's attention, and relied exclusively for legal authority on, the decision *In re Meadows*, 428 B.R. 894, 897 (Bankr. N.D. Ga. 2010)(Bonapfel, J.).[7] In *Meadows*, Darrell Meadows ("Mr. Meadows"), the debtor/plaintiff, remained on leased real estate—without assuming the lease or reaffirming the prepetition rental debt—during the pendency of, and for some time after, his successful Chapter 7 bankruptcy. Mr. Meadows owed the landlord of the rented premises (the "Landlord") $3,470.00 when he filed his bankruptcy case. After receiving a discharge on June 30, 2005, Mr. Meadows's case was closed and he continued to reside on the property, paying rent on an ongoing basis.

---

[7] Remaining Respondents cited no authority in their Response. At the Hearing they were offered the opportunity to provide a post-Hearing brief, but declined.

8

However, the Landlord, in collecting Mr. Meadows's postpetition rent payments, applied all the payments (a total of $14,550.00) to the oldest outstanding debt, starting with the almost $3,500.00 owed by Mr. Meadows when he filed his bankruptcy. Because of this application, the Landlord also charged a late charge with regard to each payment received. Over a year after Mr. Meadows's discharge, the Landlord sought and received a judgment for $4,347.00 plus court costs and a subsequent wage garnishment order against Mr. Meadows—even though Mr. Meadows's $14,500.00 in postpetition payments almost equaled the $14,775.00 in total rent for the postpetition period.

Faced with these facts, Judge Bonapfel determined that the Landlord had violated the discharge injunction by attempting to collect on the prepetition discharged rental debt.[8] Turning to the language of 11 U.S.C. § 524(a)(1), Judge Bonapfel noted that any attempt to collect on a discharged debt is void "to the extent that such judgment is a determination of the personal liability of the debtor." *In re Meadows*, 428 B.R. at 909 (*quoting* 11 U.S.C. § 524(a)(1)). Based on this finding, Judge Bonapfel ordered that the Landlord "cause the judgment to be marked cancelled and satisfied; that [the Landlord] dismiss the action against [Mr. Meadows] in the Magistrate Court; and that [the Landlord] take any other appropriate action reasonably requested by [Mr. Meadows] to evidence the fact that the judgment is void." *Id.* at 911.

Remaining Respondents' reliance on *Meadows* is misplaced. First, Remaining Respondents cited the *Meadows* decision for the proposition that this Court should determine that, because the

---

[8] Judge Bonapfel made this determination because (1) the application of a late charge to each postpetition payment made clear the Landlord was—in truth—collecting on previously discharged prepetition missed rental payments, and (2) the postpetition rent owed totaled $14,775.00 and the postpetition payments received totaled $14,550.00, which meant that the Landlord's attempt to collect $4,372.00 must have been an attempt to collect discharged prepetition rent. *See generally In re Meadows*, 428 B.R. 894.

9

$1,670.69 recovered in the Garnishment Action is less than they assert the Debtor owes them postpetition, the discharge injunction, and presumably also the automatic stay, were not violated. As noted above, however, that is not even consistent with Judge Bonapfel's ruling in *Meadows*. In *Meadows*, it is clear that Mr. Meadows had underpaid the postpetition rent by $225.00. That notwithstanding, Judge Bonapfel allowed the Landlord to collect NOTHING—requiring the Landlord to have the judgment marked cancelled and satisfied and to take all actions necessary to have it rendered void. So Meadows does not stand for the proposition for which it was offered.

Further, even if it did stand for that proposition, the case is distinguishable. In the Debtor's case, the Consent Judgment was entered in violation of the stay. By contrast, the judgment at issue in *Meadows* was entered long after the June 30, 2005 closure of Mr. Meadows's case and the contemporaneous termination of the automatic stay. Unlike 11 U.S.C. § 524(a)(1), governing discharge injunction violations, 11 U.S.C. § 362(a)(1), governing automatic stay violations, nowhere limits its scope "to the extent" the prohibited judgment is an attempt to collect a prepetition debt. 11 U.S.C. § 362(a), *passim*. Indeed, the automatic stay is broader, staying any and all proceedings against a debtor until such time as the stay is modified by the bankruptcy court. *See In re U.S. Lines, Inc.*, 197 F.3d 631, 640 (2d Cir. 1999)(*quoting In re Gull Air, Inc.*, 890 F.2d 1255, 1262 (1st Cir. 1989)). Consequently, because we rely in this case on both the broader automatic stay and the discharge injunction, while *Meadows* relies solely on the discharge injunction, *Meadows* is inapposite.

Because the Consent Judgment is void as violative of the automatic stay, and because collection of any part of the Judgment Debt is in clear violation of the discharge injunction, Remaining Respondents must return to the Debtor all funds received under the void Consent

10

Judgment, including those resulting from the Garnishment Action.  Accordingly, it is hereby

**ORDERED** that the Motion is **GRANTED** as provided herein:

1. Remaining Respondents shall return to the Debtor in good funds the $1,670.69 garnished from her bank account (the "Garnished Funds") within fourteen (14) days of the entry of this Order.[9]

2. Remaining Respondents shall immediately terminate any and all collection activities based upon the void Consent Judgment, including any garnishments, and shall refrain from any further collection activities based upon the Consent Judgment.

3. The Hearing on the Motion shall be **CONTINUED** to **June 22, 2020, at 2:00 p.m.** to consider further sanctions relating to the above-discussed violations of the automatic stay and the discharge injunction.[10]  That continued Hearing will also be telephonic, using the same dial-in information as for the May 18, 2020 Hearing.

The Clerk is directed to serve a copy of this Order on the Debtor and all parties listed on the attached distribution list.

---

[9] Such funds may be paid to the Debtor out of the registry of the Magistrate Court of Fulton County if that remains possible, or they may be paid directly to the Debtor by Remaining Respondents, who could then collect the funds in the Magistrate Court registry.

[10] Based on the evidence provided to date, the Court would not be inclined to provide the Debtor further relief so long as the Garnished Funds are paid to the Debtor timely.

# DISTRIBUTION LIST

Renters Warehouse Georgia, LLC
457 Nathan Dean Blvd, Ste 105-342
Dallas, GA 30132

Renters Warehouse Georgia, LLC
c/o CT Corporate System
289 S. Culver Street
Lawrenceville, GA 30046

Renters Warehouse Georgia, LLC
c/o Kevin Ortner, CEO
13200 Pioneer Trail, Suite 100
Eden Prairie, MN 55347

Renters Warehouse Georgia, LLC
c/o Office of General Counsel
13200 Pioneer Trail, Suite 100
Eden Prairie, MN 55347

Renters Warehouse
6065 Roswell Road, Suite 680
Atlanta, GA 30328

Renters Warehouse
621 North Benton Drive, Suite 103
Sauk Rapids, MN 56379

Renters Warehouse
c/o Branden Wagner
5900 Windward Parkway
Alpharetta, GA 30005

RWATL, LLC, d/b/a Renters Warehouse - Atlanta
695 Pylant Street, Suite 223
Atlanta, GA 30306

Magistrate Court of Fulton County
185 Central Avenue SW
Atlanta, GA 30303

**[END OF DOCUMENT]**